## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

RICHARD CHAKEJIAN,                    )
BRUCE A. SUMMERFIELD and              )          MAR 3 1 2011
TONY LEE WEBB,                        )
                                      )
           Plaintiffs,                )
                                      )          C. A. No. 07-2211, 10-3574, 10-3575
    v.                                )
                                      )          CLASS ACTION
EQUIFAX INFORMATION SERVICES, LLC,    )
                                      )
           Defendant.                 )
                                      )

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter, having come before the Court on Plaintiffs' Motion for Final Approval of the proposed class action settlement with Defendant Equifax Information Services LLC ("Equifax"); the Court having considered all papers filed and arguments made with respect to the settlement, and having provisionally certified, by Order entered October 21, 2010, a settlement class, the Court, being fully advised finds that:

1.    This action satisfies the applicable prerequisites for class action treatment under Fed.R.Civ.P. 23(a) and (b). The class as defined in the Settlement Agreement (the "Settlement Class") is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement Class, the claims of the Class Representatives are typical of the claims of the Settlement Class, and the Class Representatives will fairly and adequately protect the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2.      Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and such Notice by mail has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Rule 23(e) and due process.

3.      The Defendant has timely filed notification of this settlement with the appropriate federal officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed such notification and accompanying materials, and finds that the Defendant's notification complies fully with the applicable requirements of CAFA.

4.      The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties, and is supported by the Class Representatives.

5.      The settlement as set forth in the Settlement Agreement is fair, reasonable and adequate to the Settlement Class members in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages and in maintaining the class action through trial and appeal.

6.      The relief provided under the settlement constitutes fair value given in exchange for the releases of statutory damages claims only against the Released Parties, as those terms are defined in the Settlement Agreement.

7.      The persons listed on Exhibit A hereto have validly excluded themselves from the Settlement Class in accordance with the provisions of the Preliminary Approval Order.

8.      The parties and each Settlement Class member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement.

9.      It is in the best interests of the parties and the Settlement Class members and consistent with principles of judicial economy that any dispute between any Settlement Class member (including any dispute as to whether any person is a Settlement Class member) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or the Final Judgment and Order of Dismissal should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

A.      This action is finally certified as a class action against Equifax Information Services LLC on behalf of a Settlement Class defined as follows:

> All persons in the Commonwealths of Pennsylvania and Virginia and the State of New Jersey, who were sent the letter at issue in this litigation by Equifax that contained language substantially similar to the letter attached to the complaint filed in the Chakejian Action, beginning September 28, 2005 for Pennsylvania Class Members, March 21, 2006 for New Jersey Class Members and February 26, 2008 for Virginia Class Members through June 6, 2010, seeking statutory damages only for an alleged willful violation of 15 U.S.C. § 1681i(a)(6)(b)(iii) and 15 U.S.C. § 1681i(a)(6)(A).

B.      The Settlement Agreement submitted by the parties, specifically including Equifax's agreement to forever refrain from the practice challenged by Plaintiffs in this case, is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Settlement Class and the parties are directed to consummate the Agreement in accordance with its terms.

C.      This action is hereby dismissed on the merits, with prejudice and without costs.

D.      As agreed by the parties in the Settlement Agreement, upon the Effective Date, Equifax and its parents, subsidiaries, affiliates, divisions, predecessors, successors,

3

assignees, present and former officers, directors, employees, shareholders, representatives, insurers and agents (collectively the "Released Parties"), shall be released from claims for statutory damages under the FCRA that were asserted in the Lawsuit arising from or relating to the conduct complained of therein. Because the Settlement Class is comprised of members asserting claims for statutory damages only, claims for actual damages are specifically excluded from this release. Further, upon the Effective Date, Equifax, for itself, and on behalf of the Released Parties, shall release and forever discharge the Representative Plaintiff, the Settlement Class, and their administrators, heirs, agents, insurance carriers, successors, and assigns, from any and all causes of action, claims, and demands of any nature whatsoever, asserted or unasserted, arising out of, or relating in any way to, the institution, prosecution, or resolution of the Lawsuit.

E.    Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Equifax and each member of the Settlement Class for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Settlement Class member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a

defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

   F. Upon consideration of Class Counsel's application for fees and expenses, the Court shall enter a separate Order awarding reasonable fees and expenses in an amount to be set forth in that Order.

   G. Upon consideration of the application for an individual settlement award, the Court shall enter a separate Order awarding the sum of fifteen thousand dollars ($15,000.00) to each of the Class Representatives, Richard Chakejian, Bruce A. Summerfield and Tony Lee Webb, in consideration for their individual claims against the Defendant and for the valuable service they have performed for and on behalf of the Settlement Class.

  The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

BY THE COURT:

Hon. Anita B. Brody, U.S.D.J.

Dated: 6/14/11

Copies via ECF on ___ Copies via US Mail on ___

5

# EXHIBIT  A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD CHAKEJIAN, )<br><br>Plaintiff, )<br><br>v. )<br><br>EQUIFAX INFORMATION SERVICES, LLC, )<br><br>Defendant. ) | Civil Action No. 07-2211<br><br>CLASS ACTION |

### CERTIFICATION/DECLARATION OF CLASS COUNSEL REGARDING OPT-OUTS

I, James A. Francis, on behalf of Lead Class Counsel in the above matter, and pursuant to the Court's Order Consolidating Actions and Preliminarily Approving Settlement and Directing Notice to the Class (Doc.124), hereby certify and declare that the individuals listed in the document attached hereto as Exhibit A have timely requested to be excluded from, and thus have opted-out of, the Settlement Class in this matter.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

*/s/ James A. Francis*
JAMES A. FRANCIS
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

**DONOVAN SEARLES, LLC**
DAVID A. SEARLES
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 732-6067

**ROBERT S. SOLA, P.C.**
ROBERT S. SOLA
8835 SW Canyon Lane, Ste. 130
Portland, OR 97225
(503) 295-6880

**CONSUMER LITIGATION ASSOCIATES, P.C.**
LEONARD A. BENNETT
12515 Warwick Blvd., Ste. 100
Newport News, VA 23606
(757) 930-3660

Dated: March 9, 2011

# EXHIBIT A

| | A | B |
|---|---|---|
| 1 | **Opt Outs** | **Address** |
| 2 | Kerry Skarbakka | 302 S. Fairmount Street, #5 |
| 3 | | Pittsburgh, PA 15232 |
| 4 | Ken C. Dobbs, Jr. | 6303 Wimbledon Court |
| 5 | | Elkridge, MD 21075 |
| 6 | Donald Hunt, Jr. | 12009 Falling Creek Drive |
| 7 | | Manassas, VA 20112 |
| 8 | David Hisel | 34802 SE Kinsey Street |
| 9 | | Snoqualmie, VA 98065 |
| 10 | Thomas J. Fieger, Jr. | 724 Hinchley Run |
| 11 | | West Chester, PA 19382 |
| 12 | Joseph J. Ackerman | 1840 W. 38th Street |
| 13 | | Erie, PA 16508 |
| 14 | | P.O. Box 655 |
| 15 | | Dover, NJ 07802 |
| 16 | George D. Dergham | 1030 E. Tilghman Street |
| 17 | | Allentown, PA 18109 |

## CERTIFICATE OF SERVICE

I, James A. Francis, hereby certify that, on this date, I caused a true and correct copy of the foregoing Certification/Declaration of Class Counsel Regarding Opt-Outs to be served by way of ECF Notification upon the following Counsel:

>Lewis P. Perling, Esquire
>Barry Goheen, Esquire
>KING & SPALDING LLP
>1180 Peachtree Street
>Atlanta GA 30309-3521

FRANCIS & MAILMAN, P.C.

BY:     /s/ JAMES A. FRANCIS
        JAMES A. FRANCIS
        Attorney for Plaintiff
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600

DATE:  March 9, 2011